UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EARL OF THE FAMILY COX,

    Plaintiff,

v.

SAINT MARY'S COUNTY DEPARTMENT
OF SOCIAL SERVICES,
SAINT MARY'S DEPARTMENT OF
HUMAN RESOURCES,
MAGISTRATE HARRIS and
THE CONTRACTORS THEREOF,

    Defendants.

Civil Action No. TDC-16-1420

## MEMORANDUM ORDER

On May 12, 2016, Plaintiff Earl of the Family Cox ("Cox") filed the above-captioned Complaint along with a Motion to Proceed *In Forma Pauperis*. ECF Nos. 1 & 3. Because he appears to be indigent, Cox's Motion shall be granted. For the reasons set forth below, the Complaint is DISMISSED.

### BACKGROUND

Although not specifically alleged, it appears from the Complaint that Cox is the noncustodial parent of at least one child for whom he pays child support. The Complaint asserts that Defendants St. Mary's County Department of Social Services, St. Mary's Department of Human Resources ("DHR"), Magistrate Harris, and "contractors thereof" are liable to Cox under 42 U.S.C. § 1983, apparently for compelling Cox to pay child support. Compl. ¶ 2. Cox claims that Defendants withheld from him material information regarding the child support program that, if disclosed, would have led him "to not do business with DHR under the federally funded

iv-d child support contractual transaction." *Id.* ¶ 10. He does not, however, identify what information Defendants withheld. Cox asserts that Defendants lack authority to force him to pay child support because the child support program was not created by "positive law," the Child Support Enforcement Agency is not part of the judiciary, the DHR is a private business, and the child support program was not intended to benefit children. *Id.* ¶¶ 16, 18-25, 30, 32. He also alleges that payment of child support violates his First Amendment right of freedom of association and his Fifth Amendment right against self-incrimination.

Cox further asserts that his child support obligation violates "equal protection." *Id.* ¶ 42. He claims that the amount he must pay is more than he can afford and exceeds the child care costs of "JOYLINE," whom the Court presumes to be the custodial parent of Cox's child or children. *Id.* ¶¶ 42-45. Finally, Cox contends that various provisions of federal law, which require state authorities to collect Social Security numbers in certain circumstances to facilitate the administration of federally funded child support programs, violate his religious beliefs by forcing him to make use of his Social Security number.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915, a district court must dismiss a complaint filed *in forma pauperis* if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (2012). Although courts construe the pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).

A review of the Complaint reveals that it fails to state a plausible claim for relief. Cox's assertion that the State of Maryland cannot require him to pay child support is incorrect. Under Maryland law, parents have a statutory and common law duty to support their minor children. Md. Code Ann., Fam. Law § 5-203 (2012); *Middleton v. Middleton*, 620 A.2d 1363, 1365-66 (Md. 1993); *see also United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997) (upholding a federal law criminalizing the non-payment of child support as a constitutional exercise of Congress's authority under the commerce clause). "The obligation is not perfunctory, to be performed only at the voluntary pleasure or whimsical desire of the parent." *Middleton*, 620 A.2d at 1366. Cox's assertions that Maryland's child support program is in fact a private business, that it is not enacted in "positive law," that it is not part of the judiciary, and that it is not intended to benefit children do not articulate any constitutional defect in Cox's legal duty to support his minor child or children. Cox's argument that his mandatory child support payments violate the First and Fifth Amendment rights is also unavailing. He provides no plausible basis to conclude that the requirement that he fulfill his legal obligation to his child or children amounts to unconstitutionally coerced association with others or compelled self-incrimination.

Cox's allegations that his child support obligations are too burdensome and unfair compared to those of the custodial parent do not state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment. Cox does not specify how the law unconstitutionally distinguishes between custodial and noncustodial parents, other than to argue that he pays too much child support to the custodial parent. Maryland law does treat noncustodial parents differently from custodial parents in that, while they share the same obligation to support minor children, Md. Code Ann., Fam. Law § 5-203, noncustodial parents must send child support payments to custodial parents, while custodial parents are presumed to

spend the amount of their financial obligation directly on their children's living expenses, *id.* § 12-204(l). Cox, however, does not attack this presumption. Instead, Cox generally asserts that his child support obligation is not appropriately tailored to his means, the income of the custodial parent, or the needs of his child or children. He does not challenge, or even mention, the procedures used to set this amount. He does not indicate whether he has tried to have the amount modified. *See id.* § 12-104(a). Because Cox has not identified any arguable constitutionally impermissible classifications imposed by the laws creating his child support obligations, his equal protection claim fails. *See Romer v. Evans,* 517 U.S. 620, 631 (1996) ("The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons.").

Finally, Cox's claim of a violation of his religious beliefs based on his objection to the mandated use of his Social Security number fails to articulate a cognizable First Amendment violation. "[W]hen a plaintiff challenges an apparently neutral law of general applicability as violative of the First Amendment, it must demonstrate that the statute targets its religious beliefs or practices." *Bethel World Outreach Ministries v. Montgomery Cty. Council,* 706 F.3d 548, 556 (4th Cir. 2013) (emphasis omitted). "The statutory requirement that applicants provide a Social Security number is wholly neutral in religious terms and uniformly applicable." *Bowen v. Roy,* 476 U.S. 693, 703 (1986) (plurality opinion). The United States Court of Appeals for the Fourth Circuit, in the context of a challenge to a statute criminalizing the false representation of an individual's own Social Security number, has stated that the use or nonuse of a Social Security number "does not garner protection under the First Amendment." *United States v. Bales,* 813 F.2d 1289, 297 (4th Cir. 1987). Two district courts within the Fourth Circuit have rejected

arguments, similar to that made by Cox, that the compelled use of a Social Security number violates the Free Exercise Clause of the First Amendment. *N. Car. ex rel. Kasler v. Howard*, 323 F. Supp. 2d 675, 680 (W.D.N.C. 2003), *aff'd sub nom. Kasler v. Howard*, 78 F. App'x 231 (4th Cir. 2003); *see also Carmichael v. Sebelius*, No. 3:13CV129, 2013 WL 5755618, at *4-5 (E.D. Va. Oct. 23, 2013), *aff'd in part, modified in part*, 568 F. App'x 232 (4th Cir. 2014). Thus, Cox has not stated a plausible claim under § 1983 for a violation of his First Amendment right to freedom of religion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Cox's Complaint is DISMISSED. The Clerk is directed to close this case and to send a copy of this Order to Cox.

Date: June 7, 2016

THEODORE D. CHUANG
United States District Judge